[Donci237] [Order Converting/Reconverting Case from Chapter 12/13 to Chapter 7]

ORDERED.

Dated: February 26, 2021

_____
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

Luis Alexander Polanco Morillo

Yennin A. Moya Balbuena

Case No.
2:20–bk–03015–FMD
Chapter 7

_____Debtor*_____/

### ORDER CONVERTING CASE FROM CHAPTER 13 TO CHAPTER 7

THIS CASE came on for consideration without a hearing on the Motion to Convert Case to Chapter 7 (the Motion) (Document No. 22) under Section 1307 of the Bankruptcy Code. The Court finds that Debtor is eligible for relief under Chapter 7 of the Bankruptcy Code. Accordingly, it is

**ORDERED:**

1. The Motion is granted. This case is converted to a case under Chapter 7 of the Bankruptcy Code.

2. All hearings pending in the Chapter 13 case are cancelled.

3. Pursuant to Local Rule 4001–1(c)(5), any motion for relief from stay pending as of the date of this order is abated until the movant files an amended motion for relief from stay in the converted case and serves it on the appropriate parties.

4. If the Trustee has not already collected his percentage fee, the Trustee shall deduct from all monies disbursed his normal percentage thereof as necessary costs and expenses from sums collected pursuant to Section 1326(a)(2), together with any fee, charge, or amount allowed under 28 U.S.C. Section 586(e)(2).

5. The Chapter 13 Trustee shall disburse any undistributed funds in the Trustee's possession on the date of conversion to Debtor, and if Debtor is represented by counsel, mailed to the Debtor in care of Debtor's attorney.

6. Within 14 days from the date of this Order, Debtor, the Trustee, or any party in interest may request the Court to examine the fees paid to the Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

7. The Chapter 13 Trustee is discharged from any further duties in this case.

Jonathan Bierfeld is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within 3 days of entry of the order.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

*NOTICE REGARDING CONVERSION TO CHAPTER 7*

1. The U.S. Trustee has scheduled an additional meeting of creditors pursuant to 11 U.S.C. § 341, for **April 6, 2021** at **04:00 PM**. **The meeting will be held telephonically. Trustee: Luis E Rivera II. Call in Number: 877–847–6383. Passcode: 3014516.** Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. The § 341 meeting may be adjourned from time to time without further written notice.

2. The U.S. Trustee has appointed a Chapter 7 Trustee:

Luis E Rivera II
Post Office Box 1026
Fort Myers, FL 33902–1026

3. June 7, 2021 is the last day for filing a complaint seeking an exception to discharge under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6). If no such complaint is timely filed, the discharge will be granted and will encompass debts that might not be subject to discharge.

4. The deadline to file a proof of claim is May 7, 2021. Creditors who filed a proof of claim prior to the conversion of the case do not need to file a new proof of claim.

5. Within 14 days from the date of the Order Converting the Case, Debtor shall file any unfiled Schedules or Statements required by Fed. R. Bankr. P. 1007 or the case may be dismissed.

6. Within 14 days from the date of the Order Converting Case, as required by Fed. Bankr. P. 1019, Debtor shall file a schedule of debts incurred after the commencement of the case and before the entry of the Order Converting Case, including the name and address of each holder of a claim. If Debtor is represented by an attorney, the attorney shall upload the additional holders of claims via CM/ECF. Debtor or Debtor's attorney shall serve a copy of the Order Converting Case and this notice on each additional holder of a claim and shall file a proof of service with the Court. If the case is converted after confirmation of a plan, Debtor shall also file a schedule of all properties acquired after the commencement of the case but before the entry of the order of confirmation, and a schedule of all executory contracts and unexpired leases entered into or assumed after the commencement of the case but before the entry of the Order Converting Case.

7. Within 14 days from the date of the Order Converting Case, Debtor shall pay unpaid filing fees in the amount of N/A and the $25.00 fee for converting the case, if not previously paid. Failure to pay filing fees may result in dismissal of the case or the discharge being withheld. Payment shall be made by cashier's check or money order payable to

Clerk, U.S. Bankruptcy Court
Sam M.. Gibbons United States Courthouse
801 N. Florida Ave. Suite 555
Tampa, FL 33602–3899

8. Avoid delays. You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge, a valid Florida Bar identification card, or pro hac vice order. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.